IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANDREW MARTIN BRANDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-CV-04058-DGK |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER REMANDING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Andrew Martin Brandt's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. 42 U.S.C. § 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments, including a traumatic T12 burst fracture with T10 to L2 fusion, a traumatic left clavicle fracture with open reduction internal fixation, a mild neurocognitive disorder, an unspecified anxiety disorder, and cannabis and alcohol addiction disorders. But the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform work as a cleaner, officer helper, and small parts assembler.

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on January 15, 2020, alleging a disability-onset date of September 17, 2019. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a telephone hearing on March 23, 2021, and on May 5, 2021, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 31, 2021, leaving the ALJ's decision as the Commissioner's final decision. Since Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill,* 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ erred at Steps Four and Five. Since the Court finds that the Step Five issue requires remand, it only addresses those arguments.

At Step Five, Plaintiff argues that the ALJ erred by relying on testimony from a vocational expert ("VE") that conflicted with the Dictionary of Occupational Titles ("DOT"). More specifically, the ALJ presented the VE with a hypothetical consisting of Plaintiff's RFC limitations, including the ability "to understand, remember, and carry out simple instructions consistent with unskilled work" and "to tolerate occasional interaction with co-workers and supervisors, but minimal, superficial interaction with the general public." R. at 32, 93–94. The VE testified that despite these limitations as well as the others from the hypothetical, the individual could still perform work as a cleaner, officer helper, and small parts assembler. R. at 94. According to Plaintiff, this testimony conflicts with the DOT because officer helpers and small parts assemblers must be able to understand detailed—as opposed to simple—instructions and the cleaner must interact with the hotel patrons more than minimally. Plaintiff argues that his RFC

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

restricts him from doing those things, so the VE's testimony that was based on his restrictions lacks substantial evidentiary support.

The Eighth Circuit has been clear that "before an ALJ can rely on a vocational expert's testimony that appears to conflict with a [DOT] listing, the ALJ must identify and resolve the conflict." *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 558 (8th Cir. 2018). If the ALJ fails to resolve the conflict, then "the vocational expert's testimony is not substantial evidence to support a denial of benefits." *Id.*

Here, there *appears* to be several unresolved conflicts between the DOT and the VE's testimony. Much like *Stanton*, an apparent conflict seems to exist on the issue of Plaintiff's ability to understand, retain, and carry out instructions. Both the office helper and small parts assembler roles require Level 2 Reasoning abilities that entail being able to "apply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions." *See id.* (quoting DOT) (emphasis added); *see also* Office Helper, DICOT § 239.567-010; Assembler, Small Products I, DICOT § 706.684-022. But the hypothetical given to the VE limited the hypothetical individual to only being able to "understand, remember, and carry out *simple* instructions consistent with unskilled work." R. at 32, 93 (emphasis added). In fact, *Defendant* argues that the limitations included in the hypothetical "are consistent with an inability to carry out detailed instructions." Opp'n at 8, ECF No. 12 (citing *Johnson v. Kijakazi*, No. 21-06070-CV-SJ-BP-SSA, 2022 WL 576552, at *2 (W.D. Mo. Feb. 25, 2022)). As Plaintiff aptly notes, this appears to be a concession that a conflict exists between the hypothetical and the DOT. *See* Reply at, ECF No. 15.[2] More specifically, by Defendant's own admission, the hypothetical posits a person who

---

[2] In opposing Plaintiff's request for remand, Defendant does not contest Plaintiff's specific argument or discuss the controlling caselaw on the issue. To the contrary, Defendant concedes that the RFC and the hypothetical based on it precludes Plaintiff—or a hypothetical individual with Plaintiff's RFC—from carrying out detailed instructions. While there may have been sound counterarguments to Plaintiff's position, Defendant did not make them. And the Court

4

cannot carry out detailed instructions, yet the DOT listing for the office helper and small parts assembler jobs may require the individual to be able to carry out detailed instructions.

And neither the ALJ nor the VE addressed this apparent conflict because the VE testified that his testimony was consistent with the DOT except for other irrelevant conflicts that he flagged and resolved. R. at 97. So without more of an explanation of how this apparent conflict was resolved, the Court cannot conclude that substantial evidence supports the ALJ's decision insofar as it relied on the VE's testimony regarding the office helper and small parts assembler positions.

If those were the only two conflicts and if Defendant argued that the remaining job was sufficient, the Court might be able to find the error harmless. But Defendant does not make this argument. And in any event, there also *appears* to be a potential conflict between the hypothetical and the VE's testimony regarding the remaining job: cleaner. The VE hypothetical limits the individual to minimal, superficial contact with the public. R. at 32, 94. But the cleaner position appears to require a person to "render[] personal assistance to patrons." Cleaner, Housekeeping, DICOT § 323.687-014. Having one of the job duties as rendering assistance to patrons appears to potentially conflict with the individual only having minimal, superficial contact with the public. And there is nothing in the DOT that suggests the frequency of how often the personal assistance may be required. Nor has the ALJ or VE provided an explanation of why there is no conflict between the DOT and hypothetical on this point. Since the Court cannot tell whether there is a conflict on this issue and because Defendant has not argued that the errors on the above positions are harmless, the Court finds that remand is necessary for the ALJ to clarify these issues.

---

will not make and resolve any such counterarguments on Defendant's behalf. *Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020) ("Because the Trustees 'failed to provide meaningful legal analysis' explaining how the disputed facts supported their claim for unpaid contributions for Charps's employees, the claim could not survive the defendants' motion for summary judgment."); *United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (internal quotation marks and alterations omitted).

5

In remanding for further clarification, the Court is not indicating what it believes the ultimate disability determination should be. That decision is reserved for the Commissioner. The Court is simply saying that the ALJ should address these apparent conflicts. It may even be helpful to have further testimony on the issue from the VE to resolve these issue. The ALJ may also address the other issues raised by Plaintiff in his briefing.

## Conclusion

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date: June 6, 2023 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT